**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MEMORY INTEGRITY, LLC,<br>A Delaware Corporation,<br><br>    Plaintiff-Counter Defendant,<br><br>v.<br><br>ZTE CORPORATION,<br>A Chinese Corporation,<br><br>ZTE (USA) INC.,<br>A New Jersey Corporation,<br><br>    Defendant-Counterclaim Plaintiff. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 13-1811-GMS<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**STIPULATION OF DISMISSAL**

Pursuant to Fed. R. Civ. P. 41(a)(1)(A) and 41(a)(2), Plaintiff Memory Integrity, LLC ("Memory Integrity") and Defendant ZTE (USA) Inc. ("ZTE (USA)") and its parent ZTE Corporation ("ZTE Corp."), which is also named as a defendant in this action (collectively, "the ZTE Defendants"), stipulate and jointly move to dismiss (1) Memory Integrity's complaint against ZTE Corp. and (2) ZTE Corp.'s Motion To Quash Service Of Process And To Dismiss For Insufficient Service Of Process, without prejudice to reinstate and with no award of fees or costs, based on the following:

    1. The ZTE Defendants represent that ZTE Corp. does not make, use, sell, or offer to sell, or contribute to or induce the infringement of any person or entity in the United States, with respect to the products and patent identified in Memory Integrity's complaint. ZTE (USA) is the importer of the products identified in Memory Integrity's complaint and remains a named defendant in this action. Further, the ZTE Defendants represent that ZTE Corp. does not import any products into the United States, including

but not limited to the products identified in Memory Integrity's complaint. To the extent it is determined that ZTE Corp. has made, used, sold, offered for sale, imported into the United States, or contributed to or induced the infringement of any person or entity in the United States with respect to products that are now or may in the future be accused of infringement in this action, any such acts will be treated for all purposes of this litigation as if they had been conducted by ZTE (USA). The ZTE Defendants also represent that ZTE (USA) has sufficient assets to satisfy any judgment based on the foregoing. Memory Integrity's communications with ZTE Corp. regarding the patent-in-suit will be treated for purposes of this litigation as also with ZTE (USA), and ZTE (USA) can rely on or take any positions and actions that had been or could have been taken by ZTE Corp., except with respect to the personal and subject matter jurisdiction of this Court.

2. For the purposes of discovery in this matter, upon entry of an order of dismissal of ZTE Corp. without prejudice, information and documents in the possession, custody, or control of ZTE Corp. shall be deemed in the possession, custody, or control of ZTE (USA), but only to the extent they may be relevant to this litigation, Memory Integrity issues a request for them to ZTE (USA), and they are not otherwise available from ZTE (USA). With respect to such information and documents, ZTE (USA) may interpose any objection that ZTE Corp. could have made. Memory Integrity and ZTE (USA) agree to meet and confer in good faith to resolve any objections, consistent with the above agreement, including without limitation objections to the nature or scope of any requests for documents, information, testimony, or any other discoverable matter.

3. Memory Integrity on the one hand, and the ZTE Defendants on the other hand, agree that any depositions of the officers or employees of ZTE Corp. who are residing outside the United States, including personal and corporate depositions pursuant

- 3 -

to Federal Rules of Civil Procedure 30(b)(1) or 30(b)(6), respectively, will occur at a location mutually agreed to by the parties, or, if the parties cannot reach agreement, such depositions will occur at ZTE Corp.'s request in Hong Kong. The ZTE Defendants agree that Memory Integrity shall not be restricted to the use of U.S. consular premises or consular officers for certification unless required by law of the country in which the deposition is to take place. The parties to this Stipulation further agree to waive any objection to a stenographer, provided the stenographer is authorized either under the law of the country in which the deposition is taken or is a notary public in one of the states, territories, or District of Columbia, of the United States. The parties agree to negotiate in good faith over the specific location and timing for any such deposition.

       4. The parties to this Stipulation agree that by entering into this Stipulation, ZTE Corp. is not admitting that it has been properly served with the complaint in this litigation.

Dated:  January 14, 2014

| | |
|---|---|
| */s/ Richard C. Weinblatt* | */s/ Zhun Lu* |
| Richard C. Weinblatt #5080 | Zhun Lu #4427 |
|    weinblatt@swdelaw.com |    Zhun.Lu@novakdruce.com |
| Stamatios Stamoulis #4606 | NOVAK DRUCE CONNOLLY BOVE + |
|    stamoulis@swdelaw.com | QUIGG LLP |
| STAMOULIS & WEINBLATT LLC | 1007 North Orange Street, Ninth Floor |
| Two Fox Point Centre | Wilmington, DE  19801 |
| 6 Denny Road, Suite 307 | Telephone:  (302) 658-9141 |
| Wilmington, DE 19809 | |
| Telephone:  (302) 999-1540 | |
| | |
| *Counsel for Plaintiff Memory Integrity, LLC* | *Counsel for Defendants ZTE Corp. and ZTE (USA) Inc.* |

- 4 -

**IT IS SO ORDERED** this _____ day of        , 2014.

_____
Hon. Gregory M. Sleet
United States District Court Judge

3